[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
On May 15, 2002, the plaintiff, Gary Ferdinand, filed a sixteen-count fourth amended and revised complaint (complaint) against the defendants, the city of New Haven, Police Chief Melvin Wearing, Lieutenant Joseph Polio and Officer William Farrell, Jr.[1] Counts one through four of the plaintiff's complaint have been withdrawn.
The plaintiff alleges the following facts in each count of his complaint. On August 21, 1987, the plaintiff was arrested on felony charges in New Haven. On October 2, 1987, he was charged in a substitute information with breach of peace. After successfully completing a pretrial program of accelerated rehabilitation, the charges were dismissed. The criminal file was ordered erased on October 3, 1988.
In 1996, the plaintiff applied for a position with the New Haven police department. He passed the written and physical examinations and was scheduled to have a background check and interview. On January 31, 1997, Officer Farrell showed the plaintiff a copy of the police report from the plaintiff's previous arrest in 1987. On February 4, an agent of the plaintiffs delivered a letter to Lieutenant Polio demanding that the police department not disclose the report. On February 10, Polio informed the plaintiff that he was going to let the board of police commissioners know about the police report. When the plaintiff went before the board, he informed them of his prior arrest, which the board said they had already known about, presumably from Polio. As a result of the disclosure of his arrest record, the plaintiff claims the loss of an opportunity to become a police officer, together with the loss of compensation and benefits, in addition to having suffered emotional distress and anxiety.
In counts five, six, seven and eight, directed against the city of New Haven, Wearing, Polio and Farrell, respectively, the plaintiff alleges that the defendants caused the aforementioned injuries because they negligently failed to comply with General Statutes §§ 54-56e (f)[2]
and 54-142a[3] in that "(a) The defendants did not destroy the CT Page 1624 records; (b) [t]he defendants did not keep secure and confidential the records; (c) [t]he defendants permitted the records to be publicized . . . among members of the police department; [and] (d) [t]he defendants acted in reliance upon the records to the detriment of the plaintiff." (Plaintiff's Complaint, Count five, ¶ 19.)
In counts nine, eleven and twelve, directed against Wearing, Polio and Farrell, respectively, the plaintiff alleges that the defendants wilfully caused the disclosure of embarrassing private facts about the plaintiff, which subjected the plaintiff to embarrassment, vexation and humiliation. In counts thirteen, fifteen and sixteen, directed against Wearing, Polio and Farrell, respectively, the plaintiff alleges that the defendants intruded into the seclusion or private affairs of the plaintiff, which subjected the plaintiff to embarrassment, vexation and humiliation.[4]
On June 11, 2002, the defendants filed a motion to strike the plaintiff's complaint in its entirety on the ground that the "complaint fails to state a legally sufficient cause of action as all causes of action asserted therein arise out of a claimed violation of Connecticut's Erasure Statute, General Statutes Section 54-142a . . . which does not provide for a private cause of action, and therefore, the plaintiff's complaint fails as a matter of law." The defendants also move to strike the entire complaint on the ground that no recognized legal duty has been alleged against the defendants. In the alternative, the defendants move to strike the complaint on the ground that "the plaintiff's private information was not made available to the general public, and, thus no publicity occurred." Also in the alternative, the defendants move to strike counts thirteen, fifteen and sixteen because the plaintiff failed to allege that the defendants made contact with the plaintiff's physical person.
As required by Practice Book § 10-42, the defendants have filed a memorandum of law in support of their motion to strike, and the plaintiff has timely filed a memorandum in opposition.
"The function of a motion to strike is to test the legal sufficiency of a pleading; it admits all facts well pleaded . . . The role of the trial court [is] to examine the complaints, construed in favor of the plaintiffs, to determine whether the plaintiffs have stated a legally sufficient cause of action." (Citation omitted.) Napoletano v. CIGNAHealthcare of Connecticut, Inc., 238 Conn. 216, 232-33, 680 A.2d 127, cert denied, 520 U.S. 1103, 117 S.Ct. 1106, 137 L.Ed.2d 308 (1997).
The defendants move to strike the entire complaint on the ground that CT Page 1625 the causes of action alleged in each count arise out of a claimed violation of Connecticut's Erasure Statute, General Statutes § 54-142a, which, the defendants maintain, does not provide for a private cause of action. The defendants argue that § 54-142a does not contain an express authorization for a private cause of action for an alleged violation of the statute. The defendants argue, therefore, that the lack of such a provision in § 54-142a is a clear indication that the legislature did not intend to create a private cause of action for an alleged violation of § 54-142a.
The plaintiff in opposition argues that he is not looking to bring forth a new cause of action but is instead alleging three tort actions, i.e., negligence, disclosure of embarrassing private facts and intrusion into private affairs.[5]
General Statutes § 54-142a (a) provides in relevant part: "Whenever in any criminal case . . . the accused, by a final judgment, is found not guilty of the charge or the charge is dismissed, all police and court records and records of any state's attorney pertaining to such charge shall be erased . . ."
General Statutes § 54-142a (e) states in relevant part: "The clerk of the court or any person charged with retention and control of such records in the records center of the Judicial Department or any law enforcement agency having information contained in such erased records shall not disclose to anyone, except the subject of the record . . . information pertaining to any charge erased under any provision of this section and such clerk or person charged with retention and control of such records shall forward a notice of such erasure to any law enforcement agency to which he knows information concerning the arrest has been disseminated and such disseminated information shall be erased from the records of such law enforcement agency."
Absent from the text of either subdivision is express authorization for a private cause of action for a violation of the statutory erasure provisions. Research revealed two Superior Court decisions that refused to allow private causes of action for alleged violations of the erasure provisions of § 54-142a. See Ericksen v. Rocky Hill, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. CV 93 0529218 (November 3, 1995, Corradino, J.) (15 Conn.L.Rptr. 431); Saccentev. Rocky Hill, Superior Court, Judicial District of Hartford-New Britain at Hartford, Docket No. CV 93 0529219 (January 23, 1995, Wagner, J.) (13 Conn.L.Rptr. 382).
In Ericksen v. Rocky Hill, supra, 15 Conn.L.Rptr. 431, 431-32, the CT Page 1626 court, Corradino, J., determined that there exists no private right of action for a violation of General Statutes §§ 54-142a or 54-142c. The court noted: "What argues strongly in my mind against creation of a cause of action here is that Section 54-142a (b)[6] and (c) explicitly provide that the arrested person or his or her heirs may come into court to have the records erased. Under a statutory scheme like this it would be difficult to imagine that the legislature would have intended to create a private cause of action. Any prospective person likely to be harmed has the means to ensure his or her record is erased." Id., 432.
In the well reasoned decision of Saccente v. Rocky Hill, supra,13 Conn.L.Rptr. 382, 382-83, the court, Wagner, J., rejected the plaintiff's claim that a private cause of action could be brought pursuant to §§54-142a or 54-142c. Noting that neither statute explicitly authorized a private cause of action for a violation of the statutory erasure provisions, the court reasoned: "When the legislature has authorized supplementary private causes of action, it has generally done so expressly . . . It is a well-recognized rule of statutory construction that the legislature is presumed to know all the existing statutes, the judicial interpretation of them, and the effect that its action or non-action will have on them." (Citation omitted; internal quotation marks omitted.) Id., 383. "It is not the function of this court to supply a statutory omission especially where it appears that the omission was intentional. In such a situation the remedy lies not with the court but with the General Assembly . . . The claim that a private cause of action may be brought . . . is rejected." (Citation omitted.) Id.
This court adopts the reasoning of the court, Wagner, J., in Saccentev. Rocky Hill, supra, 13 Conn.L.Rptr. 382. The language of § 54-142a
et seq. is straightforward. "[I]f the language of a statute is plain and unambiguous, we need look no further than the words themselves because we assume that the language expresses the legislature's intent." (Internal quotation marks omitted.) Office of Consumer Counsel v. Dept. of PublicUtility Control, 246 Conn. 18, 29, 716 A.2d 78 (1998). This court need look no further than the words of the statute in deciding that no private right of action is allowed for violation of the statutory erasure provisions. Since the legislature[7] has not provided for a private cause of action, this court cannot allow for one.
The plaintiff's argument that he is not bringing claims based on a violation of § 54-142a, but instead, based upon tort claims is without merit. The tort claims could not have arisen absent the defendants' alleged violation of § 54-142a. Accordingly, the defendants' motion to strike the entire complaint is granted.[8]
CT Page 1627
Skolnick, J.